UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL ANTHONY WOFFORD, JR.,

       Plaintiff,

v.

JASON LORD and CITY OF DETROIT,

       Defendants.

Case Number 18-11692
Honorable David M. Lawson
Magistrate Judge Elizabeth A. Stafford

_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING CLAIMS AGAINST DEFENDANT CITY OF DETROIT ONLY**

This matter is before the Court on the April 8, 2019 report and recommendation issued by the assigned magistrate judge recommending that the Court grant in part the defendants' motion for summary judgment premised on qualified immunity and deficient allegations of *Monell* liability and dismiss the claims against defendant City of Detroit only. The defendants filed a timely objection to the recommendation. The plaintiff has not objected or filed any response to the defendants' objections. The matter is before the Court for a fresh review.

I.

The case arises from an October 2016 stop-and-frisk search of the plaintiff's person that defendant Detroit Police Officer Jason Lord carried out on a city sidewalk, when he encountered the plaintiff and a companion walking a dog, in the vicinity where the report of an anonymous tipster indicated that a shooting had occurred just moments earlier. During the pat-down, Lord recovered a gun and drugs from the plaintiff's person. The plaintiff was charged with illegal possession of those items, but the case was dropped after the trial judge held a hearing and granted his motion to suppress. The plaintiff subsequently filed his complaint alleging violations of his Fourth Amendment rights via 42 U.S.C. § 1983. The case was referred to the assigned magistrate

judge for general case management. After a period of discovery, which included depositions of the plaintiff and defendant Lord, the defendants filed a motion for summary judgment.

The magistrate judge concluded that the defendants had not met their burden of advancing sufficient record evidence or any pertinent legal authority to sustain their generalized argument that defendant Lord had "reasonable suspicion" to conduct a pat-down search of the plaintiff upon encountering him in the general area where a shooting had been reported, and that they therefore had not shown beyond dispute that the decision to conduct a pat-down search did not violate any of the plaintiff's clearly established rights under the Fourth Amendment. The magistrate judge accordingly recommended denying the motion premised on the assertion of qualified immunity by defendant Officer Lord. The defendants object to that conclusion and insist that the record testimony is "conflicting," but that under either the plaintiff's or the defendants' construction of the fact Officer Lord had "reasonable suspicion to investigate further by conducting a pat-down for weapons." The magistrate judge also recommended dismissal of all claims against the City of Detroit for want of any sufficient support for a claim of municipal liability. No party has objected to that portion of the recommendation.

II.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). "The filing of objections provides the district court with

the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 627 (6th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). "The moving party bears the burden of showing that no genuine issues of material fact exist," and it "must demonstrate the 'basis for its motion, and identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* at 627-28 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

To oppose that showing, "[t]he nonmoving party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 628 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). "[T]he party opposing the summary judgment motion must do more than simply show that there is some 'metaphysical doubt as to the material facts.'" *Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558, 564 (6th Cir. 2003) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (internal quotation marks omitted)). The opposing party must designate specific facts in affidavits, depositions, or other factual material showing

"evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. The submitted materials need not themselves be in a form that is admissible in evidence. *Celotex*, 477 U.S. at 324. "The reviewing court must then determine 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman*, 901 F.3d at 628 (quoting *Anderson*, 477 U.S. at 251-52). In doing so, the Court must "view the facts and draw all reasonable inferences in favor of the non-moving party." *Ibid.* (quoting *Matsushita*, 475 U.S. at 587).

"The doctrine of qualified immunity shields government officials performing discretionary functions from civil liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Baynes*, 799 F.3d at 609 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 538-39 (6th Cir. 2008)). "To determine whether a government official is entitled to qualified immunity, [the court must] make two inquiries: 'First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation? These prongs need not be considered sequentially.'" *Id.* at 609-10 (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 247 (6th Cir. 2010)). "The plaintiff bears the burden to show that the defendant is not entitled to qualified immunity." *Id.* at 610 (citing *Untalan v. City of Lorain*, 430 F.3d 312, 314 (6th Cir. 2005)). "The issue of qualified immunity may be submitted to a jury only if 'the legal question of immunity is completely dependent upon which view of the [disputed] facts is accepted by the jury.'" *Ibid.* (quoting *Humphrey v. Mabry*, 482 F.3d 840, 846 (6th Cir. 2007)).

"A right is 'clearly established' if '[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Baynes*, 799 F.3d

at 610 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  "The relevant inquiry is 'whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted.'"  *Ibid.* (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).  "The purpose of the 'clearly established' prong, clarified by the Supreme Court's decision in *Hope v. Pelzer*, is to ensure that officials are on notice that their alleged conduct was unconstitutional."  *Ibid.* (citing *Hope v. Pelzer*, 536 U.S. 730, 739, 741 (2002)).  "As *Hope* made abundantly clear: 'the salient question . . . is whether the state of the law [at the time of the action giving rise to the claim] gave respondents fair warning that their alleged treatment of [the plaintiff] was unconstitutional.'"  *Ibid.* (quoting *Hope*, 536 U.S. at 741).  "Although the focus of the clearly established prong is whether the official had notice that his alleged conduct was improper, . . . qualified immunity is an objective rather than a subjective inquiry."  *Id.* at 610-11 (citing *Caudill v. Hollan*, 431 F.3d 900, 911-12 (6th Cir. 2005); *Cope v. Heltsley*, 128 F.3d 452, 458 (6th Cir. 1997)).  "In *Hope*, the Supreme Court established that, for purposes of qualified immunity, the precise factual scenario need not have been found unconstitutional for it to be sufficiently clear to a reasonable official that his actions violate a constitutional right — that is, for the right to be 'clearly established.'"  *Id.* at 611 (quoting *Hope*, 536 U.S. at 739, 741).  "[G]overnment officials can still be on notice that their conduct violates established law even in novel factual circumstances."  *Ibid.*

The basic rules of law governing so-called stop-and-frisk detentions are well settled.  "'An officer may detain an individual for a short time for investigatory purposes if, under the totality of the circumstances, [he] has 'reasonable suspicion,' that is, 'a particularized and objective basis for suspecting the particular person of criminal activity based on specific and articulable facts.'"  *Nykoriak v. Wileczek*, 666 F. App'x 441, 444 (6th Cir. 2016) (quoting *Brown v. Lewis*, 779 F.3d 401, 412 (6th Cir. 2015) (quotation marks omitted); citing *Terry v. Ohio*, 392 U.S. 1 (1968)).  In

order to evaluate the basis of the reasonable suspicion, the Court "'must assess not only what the officers knew at the time of the initial stop but also the information developed during the course of that initial stop.'" *Ibid.* (quoting *Hoover v. Walsh*, 682 F.3d 481, 497 (6th Cir. 2012)). "'When an officer makes a *Terry* stop, he may also perform a precautionary search — known as a 'frisk' or 'pat down' — whenever he has 'reasonable suspicion' that the person searched may be armed and dangerous.'" *United States v. Pacheco*, 841 F.3d 384, 390 (6th Cir. 2016) (quoting *Knowles v. Iowa*, 525 U.S. 113, 118 (1998)). "'Reasonable suspicion [in the context of the pat down search] is based on the totality of the circumstances.'" *Ibid.* (quoting *Joshua v. DeWitt*, 341 F.3d 430, 443 (6th Cir. 2003)). "Ultimately, the test is whether 'a reasonably prudent [person] in the circumstances would be warranted in the belief that his [or her] safety or that of others was in danger.'" *Ibid.* (quoting *United States v. Noble*, 762 F.3d 509, 521- 22 (6th Cir. 2014)).

A.

The defendants' first objection is that under any construction of the record evidence Officer Lord's pat-down search of the plaintiff did not violate any of the plaintiff's clearly established rights. The magistrate judge found that, construed in the light most favorable to the plaintiff, the minimal set of circumstances that indisputably could be established as within Officer Lord's contemplation before the pat-down commenced were that "(1) there was an anonymous report of shots fired by someone wearing a red shirt around Hubbell and Florence, (2) seconds after this report was conveyed to Lord and Wingle, they saw Ricks and Wofford walking on Florence, and (3) Ricks was wearing a red hoody covered up by a jacket." Report & Recommendation, ECF No. 29, PageID.206. Crucially, the magistrate judge noted that (1) the clothing worn by the plaintiff's walking companion varied from the clothing described by the anonymous tipster who reported the shooting, and (2) the critical point on which Lord's and the plaintiff's testimony diverged was

where the plaintiff insisted that initially he did not respond at all to Lord's questioning, and that he only stated *after* the pat-down began that he was carrying a gun. That is a fair reading of the record presented by the parties, and the defendants have not identified any error in the magistrate judge's gloss on the testimony. The defendants also have not cited any decisions contrary to those relied upon by the magistrate judge, which held that the minimal circumstances presented by the most plaintiff-favorable view of the record would not suggest to any reasonable officer that the persons he confronted posed a danger to anyone. *Florida v. J.L.*, 529 U.S. 266 (2000); *United States v. Smith*, No. 07-158, 2008 WL 4065936, at *6 (E.D. Tenn. Aug. 27, 2008) ("The only connection between Dontae Smith, as the driver of the blue car, and the suspected criminal activity was that Smith was physically present, along with several other people, on Hembree Street, after Whitehead reported Hembree Street as the general direction from which a gunshot was heard. The lack of individualized suspicion of wrongdoing is demonstrated when the Court considers that the same basis offered in support of the "stop and frisk" of Smith applied to all the persons on the scene, every person in or around the houses along Hembree and anyone who might be found in a car, house or yard for blocks in that direction.").

B.

The defendants also object that "because they argue that the *Terry* stop was lawful, the doctrine of inevitable discovery applies." But that is a mere *non-sequitur*. Regardless of the fact that the defendants "argue" that the stop was lawful, the persuasive and controlling federal law, as applied to most plaintiff-favorable construction of the record evidence, suggests that there remains a genuine issue of material fact about whether it was. Moreover, "the inevitable-discovery doctrine . . . *operates as an exception to the exclusionary rule*, allowing the introduction of evidence obtained through unlawful means that would otherwise be inadmissible." *United States v. Knight*,

No. 18-12448, 2019 WL 2144367, at *3 n.3 (11th Cir. May 16, 2019) (emphasis added) (citing *United States v. Virden*, 488 F.3d 1317, 1322 (11th Cir. 2007)). "To get the benefit of the doctrine, the Government must show by a preponderance of the evidence that the evidence in question ultimately would have been discovered by lawful means that were being actively pursued *before the illegal conduct occurred.*" *Ibid.* (emphasis added). The question before this Court is not whether the evidence is admissible, but whether defendant Lord is entitled to qualified immunity against the claim of an illegal pat-down search. The gun was uncovered as a result of the pat-down, which, on the most plaintiff-favorable view of the record, could be found to be illegal when it was commenced. The defendants have not identified any separate and unquestionably lawful discovery efforts that were underway before the allegedly illegal pat-down occurred, that inevitably would have led to discovery of the gun and contraband.

III.

The defendants have not identified any error in the magistrate judge's construction of the record evidence of her conclusion that they failed to advance sufficient record evidence and legal authority to sustain their position that there is no genuine question of material fact impacting their defense of qualified immunity.

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 29) is **ADOPTED**, and the defendants objections (ECF No. 30) are **OVERRULED**.

It is further **ORDERED** that the defendants' motion for summary judgment (ECF No. 27) is **GRANTED IN PART**, and all of the claims against defendant City of Detroit are **DISMISSED WITH PREJUDICE**. The motion is **DENIED** in all other respects.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: July 16, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 16, 2019.

                      s/Susan K. Pinkowski
                      SUSAN K. PINKOWSKI